IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JODY MCCREARY | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv029 |
| KERRY L. RUSSEL, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Jody McCreary, an inmate of the Smith County Jail proceeding *pro se*, filed this civil lawsuit without paying the filing fee and seeks to proceed *in forma pauperis* (IFP). The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

McCreary has a long history of abuse of the federal court system. He has filed dozens of lawsuits and appeals in federal courts throughout Texas, including the following matters dismissed as frivolous or for failure to state a claim upon which relief may be granted: *McCreary v. Skeen*, No. 6:08cv387 (E.D. Tex. Oct. 16, 2008), *appeal dismissed*, No. 08-41137 (5th Cir. Jan. 15, 2009); *McCreary v. Baker*, No. 6:08cv389 (E.D. Tex. Jan. 6, 2009) (no appeal); *McCreary v. Kent*, No. 09-40348 (5th Cir. Dec. 28, 2008); *McCreary v. Gardner*, No. 09-40398 (5th Cir. Dec. 28, 2009); *McCreary v. Skeen*, No. 09-40708 (5th Cir. March 18, 2010) (appeal dismissed as frivolous and

sanctions in the amount of $100 imposed); *McCreary v. Bingham*, No. 6:12cv666 (E.D. Tex. Nov. 13, 2012) (no appeal). Accordingly, Plaintiff would be barred from proceeding with this lawsuit without full payment of the filing fee unless he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of Section 1915(g), the threat of serious physical injury must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*…."). Moreover, to establish an imminent danger for the purpose of Section 1915(g), a plaintiff's factual allegations must "not [be] fanciful, fantastic, or delusional." *Jones v. Hutto*, No. 3:19-CV-1359-N-BN, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019), *report and recommendation adopted*, No. 3:19-CV-1359-N, 2019 WL 3304791 (N.D. Tex. July 23, 2019).

Plaintiff's complaint does not satisfy that standard. His claims about his recent arrest and pending criminal prosecution in state court do not involve any expectation of physical injury. The Court should therefore bar Plaintiff from proceeding *in forma pauperis* in this case.

Further, the United States Court of Appeals for the Fifth Circuit has repeatedly imposed monetary sanctions on Plaintiff to deter his frivolous and abusive filings. Most recently, that court ordered the following:

> Because McCreary has ignored repeated warnings against filing frivolous or repetitive challenges to his conviction and has not been deterred by the imposition of a monetary sanction, he is **ORDERED** to pay an additional sanction of $100 to the Clerk of this Court. In light of the $300 sanction in No. 17-40586, he now owes a total of $400. McCreary is **REMINDED** that he is barred from filing any pleadings in this court or any court subject to this court's jurisdiction until the sanctions have been paid in full unless he first obtains leave of the court in which he seeks to file his pleadings.

*In re Jody Ford McCreary*, No. 22-90025 (5th Cir. Oct. 11, 2022). Contrary to Plaintiff's assertion (*see* Dkt. #1-1 at 1), that order did not apply only to filings challenging Plaintiff's prior conviction, but bars—by its express terms—"***any pleadings***" by Plaintiff in any federal court within the Fifth Circuit until all sanctions against Plaintiff have been paid. *Id*. (emphasis added).

The Fifth Circuit's docket for that case does not indicate receipt of any payments, and Plaintiff did not provide proof of satisfaction of those sanctions with his complaint upon filing this lawsuit. Accordingly, the complaint was improvidently filed and should be dismissed pursuant to the Fifth Circuit's order.

## RECOMMENDATION

The Court should accordingly deny Plaintiff leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g) and summarily dismiss this action without prejudice as barred by the Fifth Circuit's ruling quoted above.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

It is **ORDERED** that the Clerk shall refuse any further submissions from Plaintiff in this matter other than an objection to this Report.

**So ORDERED and SIGNED this 29th day of January, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE